OaeutheRS, J.,
delivered tbe opinion of the court.
Tbe plaintiff below contracted with tbe defendant to work for him on bis farm for eight months, from tbe 3d March, 1851, for tbe sum of $65. He labored under this contract until about tbe 1st of June, when be voluntarily quit, without tbe consent of tbe defendant, or any known cause, except that he said be was not making anything, and that be could get a dollar per day elsewhere, and be pould make more for tbe balance of tbe time be agreed to work for defendant, than tbe whole .amount defendant was to give him. He then warranted tbe defendant for tbe value of tbe three months’ labor, and recovered before tbe magistrate, and in tbe circuit court upon appeal.
Tbe court charged “that notwithstanding there was a special contract to labor for eight months for $65, yet tbe plaintiff might, after having worked a portion of tbe time, and bad without any excuse abandoned tbe service of tbe defendant before tbe expiration of tbe time which be bad agreed to labor for defendant, recover in this action the value of bis services for the time be labored.” He allows damages to defendants, by way of recoupment, for tbe breach of tbe contract, to consist of “what it would cost him to procure another band.”
This case mvolves an important principle, upon which there bas apparently, if not really been much conflict of opinion.
Tbe rule of the common law was, that where a party agreed by special contract to do and perform certain *625 things for a specified consideration, be could not recover any thing without avering and showing that he had fully complied with his part of the contract or give some good and sufficient reason for not doing it. But this rule has been modified both in England and this country.
It came under consideration in this State in 1823, in the case of Stump & Cox vs. Estill, Peck, 175. In that case, the contract was, that Stump & Cox were to pay Estill a price agreed upon for ten thousand pounds of cotton, one half before the cotton was to be delivered, and the other afterwards. The first instalment was only paid in part, in sugar and salt, and Estill refused to deliver the cotton. They then sued him for the value of the sugar and salt. It was insisted that as the plaintiffs had not complied with their part of the contract in making the first payment, they could not recover. In this case too, the defendant had paid $200 on the account of the plaintiffs. The court ruled that an action of assumpsit was maintainable, for the value of the articles delivered.
The next case on this doctrine, is that of Elliott vs. Wilkinson, 8 Yer., 411. Wilkinson agreed to build a stone chimney for Elliott, for an amount agreed upon, and if not a good one, to have nothing. He built the chimney, but it was not, according to contract, did not answer the purpose, and had to be thrown down and a new one built, in which the rock procured by Wilkinson were used. It was held that although Wilkinson' could not sue upon his contract, because he had failed to perform it, yet he might recover to the extent of the benefit conferred on the defendant. Here, his rock were used in rebuilding the chimney of defendant.
*626 Again in tbe case of Porter vs. Woods, Stacker & Co., 3 Humph., 56, the same question came up, and was more elaborately considered. Porter was a plow manufacturer near Memphis, and the defendants manufacturers of iron at Cumberland furnace. A special agreement was entered into between, the parties by which Woods, Stacker & Co., were to deliver to Porter in successive years, a specified quantity of castings, of a description adapted to the construction of plows, for which a certain price agreed upon was to be paid. After the delivery under the contract, of between fifty-nine and sixty thousand pounds, they failed to go on with the contract, and a part of that delivered was imperfect and deficient, not answering the purpose for which it was intended. Under these circumstances, suit was brought for the value of the castings delivered, and their right to recover was resisted upon the ground that they had failed to comply with the contract on their part. The court decided that upon the authority of the cases in Peck and in 8 Yerger, before cited, and what is regarded “as a well settled principle in England and America,” that they could recover an amount equal to the value and extent of the benefit conferred.” Kecoupment of damages was also allowed, within the limitations prescribed in the opinion.
By these cases it is clearly settled, as the law of this State, that a party may abandon a special contract, and sue upon a quonf/um meruit, and recover to the extent of the benefit conferred upon the other party by the materials, goods, or property of the plaintiff which have been retained or used by the defendant, without the necessity of avering or proving performance of his part *627 of the contract. Further than this, it is believed, orn-eases have not gone.
It would certainly operate most unjustly, to so extend the relaxation of the common law rule, requiring the plaintiff to show the performance of the contract on his part, as a condition of recovery as to embrace a case liké the present. It would encourage bad faith, and destroy the sanctity of contracts. Here is an agreement to labor eight months for a specified amount for the whole time. In view of this agreement, the employer arranges his business and pitches his crop. Before the time is half out, the employee finds he can do better, and without any other cause abandons his engagement and claims compensation for what he has done. He works in seed time, but fails to hear the “ heat and burthen of the day” at hai-vest.
The same principle would justify an overseer at any time he chose to desert his employer under a whim, or the seduction of an offer of better wages at any period of the season, and -laugh at the perplexity and injury thus inflicted upon his employer, by the disregard and abandonment of the most solemn contracts. Such cannot be the law in cases of this description.
Without impugning the rule laid down by this court in the cases referred to, where benefit has been conferred by the use of. materials or valuable things furnished under contracts, we hold that it is different in the case of -contracts for personal service.
In the latter case, before any recovery can be had for services rendered, it must be shewn as a condition precedent, that the plaintiff has performed the service *628 agreed upon, or a good and sufficient reason for Ms failure to do so.
The law upon this subject is fully and correctly laid down in the case of Jones vs. Jones, decided at the last term of this court, and reported in 2 Swan, 606. The principle there announced, is, “that if the plaintiff voluntarily abandoned defendant’s service, without sufficient cause, and against his will, ho will not be entitled to recover even for the labor lie had actually performed.” To sustain which, reference is made to Jennings vs. Camp, 13 J. R., 95. McMillin vs. Vanderlip, 12, Ib., 166. Read vs. Moor, 19, Ib., 340. Hoar vs. Clute, 15, Ib., 225. 2 Mass., 127; 2 East, 143. These authorities have been re-examined, and are found fully to sustain the position.
The case in 19 Johnson is almost identical with the case before us. The contract in that case, was, that the plaintiff, about the 1st of April, 1819, agreed to work for the defendant eight months for $104, or $13 per month. He continued to work until about the last of June following, when he refused to work any longer. 'Tire Court there say, “that the contract between the •parties was an entire contract of hiring for eight months at a stipulated price. There was.no claim till -the expiration of the time. The work was a condi■tion precedent, to be performed before the appellor was ..entitled to 'recover.” Additional authorities to the same ■effect .are numerous, but need not be referred to here, &s we consider .th.e principle well settled.
The judgment twill be reversed, and a new trial granted.